UNITED STATES DISTRICT COURT 
SOUTHERN DISTRICT OF NEW YORK 
ANTHONY RAPP, 

 Plaintiff, 

 - against - 
 Case No. 1.20-cv-09586 (LAK)(SDA) 

KEVIN SPACEY FOWLER a/k/a KEVIN SPACEY, 

 Defendant. 

 DEFENDANT’S REQUESTS TO CHARGE 
 Pursuant to Rule 51 of the Federal Rules of Civil Procedure, Defendant Kevin Spacey Fowler 
(“Mr. Fowler”) respectfully submits the following requests to charge, reserving the right to submit 
requests for additional or modified charges based upon the evidence actually adduced at trial and to 
conform with any rulings of law the Court may render during the course of these proceedings. 

Dated: March 4, 2022 Respectfully submitted, 
 Irvine, California 
 /s/ Chase A. Scolnick 
 Chase A. Scolnick 
 Jennifer L. Keller 
 Jay P. Barron 
 KELLER/ANDERLE LLP 
 18300 Von Karman Ave., Suite 930 
 Irvine, California 92612 
 Tel. (949) 476-8700 
 jkeller@kelleranderle.com 
 cscolnick@kelleranderle.com 
 jbarron@kelleranderle.com 

 Michael Tremonte 
 SHER TREMONTE LLP 
 90 Broad Street, 23rd Floor 
 New York, New York 10004 
 Tel.: (212) 202-2600 
 mtremonte@shertremonte.com 
 Counsel for Defendant Kevin Spacey Fowler a/k/a 
 Kevin Spacey 
1. Burden of Proof—Preponderance of the Evidence 
 Plaintiff Anthony Rapp is the party with the burden of proof. On any given issue, he has 
the burden of proving every disputed element of his claim to you by a preponderance of the 
evidence. If you conclude that the party bearing the burden of proof has failed to establish his 
claim by a preponderance of the evidence, you must decide against him on the issue you are 
considering. 
 What does a “preponderance of evidence” mean? To establish a fact by a preponderance 
of the evidence means to prove that the fact is more likely true than not true. A preponderance of 
the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness 
of the evidence, not to the number of witnesses or documents. In determining whether a claim has 
been proved by a preponderance of the evidence, you may consider the relevant testimony of all 
witnesses, regardless of who may have called them, and all the relevant exhibits received in 
evidence, regardless of who may have produced them. 
 If you find that the credible evidence on a given issue is evenly divided between the 
parties—that it is equally probable that one side is right as it is that the other side is right—then 
you must decide that issue against Mr. Rapp. That is because he must prove more than simple 
equality of evidence—he must prove every element at issue by a preponderance of the evidence. 
On the other hand, Mr. Rapp need prove no more than a preponderance, unless I instruct you that 
another standard of proof applies as to any issue. 
Authority: 4 Modern Federal Jury Instructions-Civil P 73.01 (2021)(modified) 

2. Burden of Proof—Clear and Convincing Evidence (If Applicable) 
 Mr. Rapp alleges Mr. Fowler violated section 130 of the New York Penal Law. He has the 
burden of proving every disputed element of this section to you by clear and convincing evidence. 
“Clear and convincing evidence” is a more demanding standard of proof than a preponderance of 
the credible evidence. A party who must establish his case by clear and convincing evidence must 
satisfy you that the evidence makes it highly probable that what he claims is what actually 
happened. 
Authority: NY PJI 1:64 (Modified) 

3. What Is And Is Not Evidence 
 The evidence in this case is the sworn testimony of the witnesses, the exhibits received in 
evidence, stipulations, and judicially noticed facts. 
 By contrast, the questions of the lawyers are not to be considered by you as evidence. It is 
the witnesses’ answers that are evidence, not the questions. At times, a lawyer may have 
incorporated into a question a statement which assumed certain facts to be true, and asked the 
witness if the statement was true. If the witness denied the truth of a statement, and if there is no 
direct evidence in the record proving that assumed fact to be true, then you may not consider it to 
be true simply because it was contained in the lawyer’s question. 
 The famous example of this is the lawyer’s question of a married witness: “When did you 
stop beating your wife?” You would not be permitted to consider as true the assumed fact that he 
ever beat his wife, unless the witness himself indicated he had, or unless there was some other 
evidence in the record that he had beaten his wife. 
 Testimony that has been stricken or excluded is not evidence and may not be considered 
by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—
such as for the purpose of assessing a witness’s credibility—you must follow the limiting 
instructions I have given. 
 Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they 
have said to you in their opening statements and in their summations is intended to help you 
understand the evidence to reach your verdict. However, if your recollection of the facts differs 
from the lawyers’ statements, it is your recollection which controls. 
 To constitute evidence which may be considered by you, exhibits must be received in 
evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials 
brought forth only to refresh a witness’ recollection. 
 Finally, statements which I may have made concerning the quality of the evidence do not 
constitute evidence. 
 It is for you alone to decide the weight, if any, to be given to the testimony you have heard 
and the exhibits you have seen. 
Authority: 4 Modern Federal Jury Instructions-Civil P 74.01 (2021) 

4. Alleged Other Acts (If Applicable) 
 Mr. Rapp presented evidence from Mr. [Holtzman/Dawes] about allegations against Mr. 
Fowler. Mr. [Holtzman/Dawes] are not parties to this case and have brought no claims against Mr. 
Fowler. I instruct you to use great caution when considering this evidence. 
 It is for you to decide whether to believe this evidence. You may consider this evidence 
only if Mr. Rapp has proved by a preponderance of competent evidence that Mr. 
[Holtzman’s/Dawes’s] allegations are true. When making this determination, you should consider 
the reasonableness of Mr. [Holtzman’s/Dawes’s] testimony, whether it conflicts with other 
evidence, and any other factors bearing on Mr. Holtzman’s/Dawes’s credibility. 
 If you find Mr. Rapp has proved Mr. [Holtzman’s/Dawes’s] allegations are true, then you 
may give those allegations whatever weight, if any, you feel they deserve. But evidence of these 
allegations is not a substitute for credible evidence necessary for Mr. Rapp to meet his burden of 
proof. 
 Remember, Mr. Fowler is on trial here only for Mr. Rapp’s allegations and not for these 
other acts. Do not find Mr. Fowler liable unless Mr. Rapp has proved all the evidence of his claims 
by credible evidence. 
5. Publicity During Trial 
There will likely be significant media attention given to this case. You must insulate yourselves 
from all information about this case, except what comes to you in this courtroom through the rules 
of evidence. So, when you leave here and go to your home and access the internet, if you see 
something about the case, you must leave that website right away. Do not read the article. 
I will also tell you to avoid listening to or watching any radio or television discussion of the case. 
Authority: 4 Modern Federal Jury Instructions-Civil P 71.01—Instruction 71-12 (2021) 
(modified) 

6. Publicity During Trial – Reminder 
 Let me remind you once again not to read about the case on the Internet or in the 
newspapers, watch any news concerning the case on television or listen to any radio accounts of 
the case. Please be mindful of my admonition that you must limit the information you get about 
the case to what comes to you in the courtroom through the rules of evidence. 
Authority: 4 Modern Federal Jury Instructions-Civil P 71.01—Instruction 71-13 (2021) 

7. Publicity During Trial – Final Charge 
 Your verdict must be based solely on the evidence presented in this courtroom in 
accordance with my instructions. You must completely disregard any report which you have read 
in the press, seen on television, or heard on the radio. Indeed, it would be unfair to consider such 
reports, since they are not evidence and the parties have no opportunity of contradicting their 
accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors 
to allow yourselves to be influenced in any manner by such publicity. 
Authority: 4 Modern Federal Jury Instructions-Civil P 71.01—Instruction 71-14 (2021) 
8. Credibility 
 In deciding the facts in this case, you may have to decide which testimony to believe and 
which testimony not to believe. You may believe everything a witness says, or part of it, or none 
of it. 
 In considering the testimony of any witness, you may take into account: 
 1. the opportunity and ability of the witness to see or hear or know the things testified to; 
 2. the witness’ memory; 
 3. the witness’ manner while testifying; 
 4. the witness’ interest in the outcome of the case and any bias or prejudice; 
 5. whether other evidence contradicted the witness’ testimony; 
 6. the reasonableness of the witness’ testimony in light of all the evidence; and 
 7. any other factors that bear on believability. 
 The weight of the evidence as to a fact does not necessarily depend on the number of 
witnesses who testify about it. 
Authority: Ninth Circuit Model Civil Jury Instruction 1.11 

9. Bias 
 In evaluating the credibility of the witnesses, you should take into account any evidence 
that a witness may benefit in some way from the outcome of the case. Such interest in the outcome 
creates a motive to testify falsely and may sway a witness to testify in a way that advances his own 
interests. Therefore, if you find that any witness whose testimony you are considering may have 
an interest in the outcome of this trial, then you should bear that factor in mind when evaluating 
the credibility of his or her testimony, and accept it with great care. 
 Keep in mind, though, that it does not automatically follow that testimony given by an 
interested witness is to be disbelieved. There are many people who, no matter what their interest 
in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your 
own perceptions and common sense, to what extent, if at all, the witness’s interest has affected his 
testimony. 
Authority: 4 Modern Federal Jury Instructions-Civil P 76.01 (2021) 

10. Expert Testimony 
 In this case, I have permitted certain witnesses to express their opinions about matters that 
are in issue. A witness may be permitted to testify to an opinion on those matters about which he 
or she has special knowledge, skill, experience, and training. Such testimony is presented to you 
on the theory that someone who is experienced and knowledgeable in the field can assist you in 
understanding the evidence or in reaching an independent decision on the facts. 
 In weighing this opinion testimony, you may consider the witness’s qualifications, his or 
her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily 
apply when you are deciding whether or not to believe a witness’s testimony. You may give the 
opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this 
case. You should not, however, accept opinion testimony merely because I allowed the witness to 
testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, 
and common sense. The determination of the facts in this case rests solely with you. 
Authority: 4 Modern Federal Jury Instructions-Civil P 76.01 (2021) 

11. Prejudice 
 Your verdict must be based solely upon the evidence developed at this trial, or the lack of 
evidence. 
 It would be improper for you to consider any personal feelings you may have about one of 
the parties’ gender, age, or sexual orientation. 
 It would be equally improper for you to allow any feelings you might have about the nature 
of the claim against the defendant to influence you in any way. 
 The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot 
work unless you reach your verdict through a fair and impartial consideration of the evidence. 
Authority: 4 Modern Federal Jury Instructions-Civil P 71.01 (2021)(modified) 

12. Prior Out-of-Court Statements 
 You have heard evidence that Mr. Rapp repeated his claims to others. I instruct you to use 
caution when considering this evidence. Simply repeating something often enough does not make 
it truth. Mr. Rapp’s out-of-court statements are not a substitute for other evidence necessary to 
meet his burden of proof. You should evaluate these statements carefully, as you would any other 
evidence, and consider Mr. Rapp’s intent, motives, and biases. 

13. Damages 
 You need not determine the issue of damages if you find Mr. Rapp has not met his burden 
of proving by a preponderance of the credible evidence that Mr. Fowler is liable on one or more 
of Mr. Rapp’s claims. If, on the other hand, you find Mr. Rapp has proven by a preponderance of 
the credible evidence Mr. Fowler is liable, then you must determine the damages, if any, to which 
the Mr. Rapp is entitled. 
 You should not infer that Mr. Rapp is entitled to recover damages merely because I am 
instructing you on the issue of damages. It is for you alone to decide whether Mr. Fowler is liable 
to Mr. Rapp, and I am instructing you on damages only so that you will have guidance if you 
decide that Mr. Fowler is liable and Mr. Rapp is entitled to recovery. 
 You may consider awarding compensatory damages. I will explain the law concerning 
compensatory damages to you. 
Authority: 4 Modern Federal Jury Instructions-Civil P 77.01 (2021)(modified) 
14. Compensatory Damages 
 If you decide that Mr. Rapp has met his burden and Mr. Fowler is liable, Mr. Rapp is 
entitled to recover a sum of money which will justly and fairly compensate him for any injury, 
disability and conscious pain and suffering to date caused by Mr. Fowler. 
 That amount may include damages for any mental suffering, emotional and psychological 
injury resulting from the emotional distress caused by the wrongful act of Mr. Fowler. In order to 
recover damages for emotional distress, the emotional disturbance must be serious and verifiable, 
and Mr. Rapp must produce evidence which is sufficient to guarantee the genuineness of his claim. 
 Mr. Rapp must also establish that Mr. Fowler caused his alleged mental or emotional 
suffering. You may not award Mr. Rapp damages for any preexisting mental or emotional 
condition. 
 Nor may you award Mr. Rapp damages for any mental or emotional condition not caused 
by Mr. Fowler. You have heard evidence that Mr. Rapp claims to have suffered various abuse and 
trauma unrelated to Mr. Fowler. If you find that evidence to be credible, you should consider how, 
if it all, those unrelated incidents contributed to Mr. Rapp’s current mental and emotional state. 
Authority: PJI 2:280, 284; Bovsun v. Sanperi, 61NY2d 219, 473 (1984); Orenstein v. New 
York City Health and Hospitals Corp., 10 NY3d 1 (2008). 

15. Child Victim’s Act 
 The law ordinarily requires a plaintiff to bring to court his allegations within one year after 
the time he claims that he was assaulted or battered. This is called a statute of limitations, and it 
provides important protections to the person accused of wrongdoing because evidence 
demonstrating a wrongly accused’s innocence can be lost or forgotten over time. Mr. Rapp seeks 
to recover damages based on conduct he alleges occurred in 1986. 
 Mr. Rapp may only bring these claims if he proves by (a preponderance of credible) (clear 
and convincing) evidence that Mr. Fowler’s conduct violated Article 130 of New York’s Penal 
Law. Mr. Rapp alleges that Mr. Fowler’s conduct violated sections 130.52 and 130.55 of the New 
York Penal Law. 

16. New York Penal Law Section 130.52 
 In order to meet his burden of establishing Mr. Fowler violated section 130.52 of the New 
York Penal Law, Mr. Rapp must prove by (the preponderance of credible)(clear and convincing) 
evidence each of the following elements: 
 1. That in May 1986, in the County of New York, Kevin Spacey Fowler forcibly 
 touched the sexual or other intimate parts of Anthony Rapp for the purpose of 
 degrading or abusing him, or for the purpose of gratifying Mr. Fowler’s sexual 
 desire; 
 2. That Mr. Fowler did so intentionally and for no legitimate or innocent purpose; and 
 The following terms used in these elements have a special meaning: 
 Forcible touching another includes squeezing, grabbing, pinching, rubbing, or the 
 application of some level of pressure to the victims sexual or intimate parts. 
 Forcibly holding another, without more, is not forcible touching, nor is fleeting and 
 casual touching. 
 Intent means conscious objective or purpose. Thus, a person intentionally forcibly touches 
the sexual or other intimate parts of another person only if that person's conscious objective or 
purpose is to do so for the purpose of degrading or abusing him or of gratifying that person’s sexual 
desire. A person does not act intentionally when he negligently, accidentally, or carelessly touches 
the intimate parts of another or does so without the purpose of degrading or abusing the other 
person or gratifying his sexual desire. 
 If you find Mr. Rapp has proved by (a preponderance of credible)(clear and convincing) 
evidence each of those elements, then you may consider whether Mr. Rapp has proven that he was 
either assaulted or battered as explained below. 
17. New York Penal Law Section 130.55 
 In order to meet his burden of establishing Mr. Fowler violated section 130.60 of the New 
York Penal Law, Mr. Rapp must prove by (the preponderance of credible)(clear and convincing) 
evidence that: 
 On or about May 1986, in the County of New York, Mr. Fowler, intentionally 
 subjected Mr. Rapp to sexual contact; and 
 The following terms used in these elements have a special meaning: 
 Intent means conscious objective or purpose. Thus, a person intentionally subjects another 
person to sexual contact when it is his conscious desire to do so. A person does not act intentionally 
when he negligently, accidentally, or carelessly touches the intimate parts of another. 
 Sexual contact means any touching of the sexual or other intimate parts of another person 
for the purpose of gratifying the sexual desire of either party. A person who touches the sexual or 
intimate or parts of another by negligence, mistake, or for any other reason than sexual gratification 
does not make sexual contact. Forcibly holding another, without more, is not sexual contact. 
 If you find Mr. Rapp has proved by (a preponderance of credible)(clear and convincing) 
evidence each of those elements, you then you may consider whether Mr. Rapp has proven that he 
was either assaulted or battered as explained below. 
 If you find Mr. Rapp has not proved by (a preponderance of credible) (clear and 
convincing) evidence any one or more of the elements of sections 130.52 and 130.55, you must 
find Mr. Fowler not liable. 
Authority: See Matter of Storar, 52 NY2d 363, 438 NYSD2d 266, 420 NE2d 64 (1981) (noting 
clear and convincing evidence standard is utilized where the interests at stake are deemed more 
significant than ordinary); Note, Appellate Review in the Federal Courts of Findings Requiring 
More than a Preponderance of the Evidence (1946) 60 Harv. L.Rev. 111, 112 (the requirement in 
civil actions of more than a preponderance of the evidence derives from experience with claims 
shown to be “inherently subject to fabrication, lapse of memory, or the flexibility of conscience.”). 
18. Battery 
 In this action, Mr. Rapp seeks damages for a battery. A person who intentionally touches 
another person, without that person’s consent, and cause an offensive bodily contact commits a 
battery and is liable for all damages resulting from his act. 
 Intent involves the state of mind with which an act is done. The intent required for battery 
is intent to cause a bodily contact that a reasonable person would find offensive. An offensive 
bodily contact is one that is done for the purpose of harming another or one that offends a 
reasonable sense of personal dignity, or one that is otherwise wrongful. 
 Mr. Rapp claims that Mr. Fowler picked him up and then lied on top of him, causing him 
to sustain injuries. Mr. Fowler disputes Mr. Rapp’s allegations and asserts that they are false. 
 Mr. Rapp has the burden to prove the following elements of this claim by a preponderance 
of credible evidence: 
 1. Mr. Fowler intentionally picked up Mr. Rapp and lied on top of him; and 
 2. Mr. Fowler’s contact was offensive. 
 If you find that Mr. Rapp has proved each of these elements, and find that Mr. Fowler’s 
conduct violated each element of New York Penal Law § 130.52 or § 130.55 as I previously 
instructed, you will find that Mr. Fowler committed a battery. 
 If you find that Mr. Rapp has not proved that Mr. Fowler intentionally picked up Mr. Rapp 
and lied on top of him or that, even if Mr. Fowler did intentionally pick up Mr. Rapp and lie on 
top of him, that the contact was not offensive, you will find Mr. Fowler did not commit a battery. 
Authority: NY PJI 3.2 (Modified) 

19. Intentional Infliction of Emotional Distress 
 In this action, Mr. Rapp seeks to recover damages for his claim that Mr. Fowler 
intentionally caused him emotional distress. One who intentionally and for the purpose of causing 
severe emotional distress conducts himself toward another in a manner so shocking and outrageous 
that it exceeds all reasonable bounds of decency is liable to such person for any resulting severe 
emotional distress. 
 Intent involves the state of mind with which an act is done. If a person acts voluntarily 
with a desire to bring about a result, he is said to have intended that result. Further, a person who, 
although he has no desire to bring about the result, does the act knowing, with substantial certainty, 
that the result will follow, is also said to have intended that result. 
 Emotional distress is severe when it is of such intensity and duration that no reasonable 
person should be expected to endure it. Mr. Rapp has the burden to prove the following elements 
by a preponderance of credible evidence: 
 1. Mr. Fowler’s conduct toward Mr. Rapp was so outrageous and shocking that it 
 exceeded all reasonable bounds of decency as measured by what the average 
 member of the community would tolerate; 
 2. Mr. Fowler’s conduct caused severe emotional distress to Mr. Rapp; and 
 3. Mr. Fowler acted with the desire to cause such distress to Mr. Rapp. 
 If you find Mr. Rapp has proved each of these elements, and find that Mr. Fowler’s conduct 
violated each element of New York Penal Law § 130.52 or § 130.55 as I previously instructed then 
you will find this issue for him. 
 If, on the other hand, you find Mr. Rapp has not proved all of these elements, then you will 
find this issue for Mr. Fowler. 
Authority: NY PJI 3:6 (Modified) 

20. Assault 
 In this action, Mr. Rapp seeks to recover damages for an alleged assault. An assault is the 
intentional placing of another person in apprehension of imminent harmful or offensive contact. 
A defendant is liable for assault if he intentionally causes another person to become concerned that 
the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, 
the defendant must have the real or apparent ability to bring about that harmful or offensive bodily 
contact. Ordinarily, threatening words without some action are not enough to constitute an assault. 
There must be some menacing act or gesture that causes the plaintiff to believe that a harmful or 
offensive bodily contact is about to occur. It is not necessary that there be any contact. 
 Notice that I used the word “intentionally” in defining an assault. I have previously defined 
that term, and that earlier definition applies to this instruction. 
 Mr. Rapp claims that Mr. Fowler looked at him as he leaned against the doorway to the 
bedroom in his apartment as Mr. Rapp sat on Mr. Fowler’s bed. Mr. Fowler denies that he did so, 
and asserts he did not have a bedroom in his New York apartment in 1986. Mr. Rapp has the 
burden of proving the following elements by a preponderance of credible evidence: 
 1. Mr. Fowler voluntarily looked at Mr. Rapp as Mr. Fowler leaned against the 
 doorway to the bedroom in his apartment; 
 2. Mr. Fowler intended by doing so to cause Mr. Rapp to become apprehensive that a 
 harmful or offensive bodily contact was about to occur; and 
 3. Mr. Rapp had such apprehension. 
 If you find Mr. Rapp proved all of these elements by a preponderance of evidence, then 
you will find that Mr. Fowler committed an assault. 
 If, on the other hand, you find Mr. Rapp has failed to prove any of these elements by a 
preponderance of credible evidence, then you will find Mr. Fowler did not commit an assault. 
Authority: NY PJI 3:2 (Modified)